[Crim. No. 1054. First Appellate District, Division Two.—April 13, 1922.]

In the Matter of the Application of A. R. CANTUA for a Writ of Habeas Corpus.

[1] CRIMINAL LAW—EMBEZZLEMENT—HOLDING OF DEFENDANT TO ANSWER — SUFFICIENCY OF EVIDENCE — HABEAS CORPUS. — In this *habeas corpus* proceeding, the evidence was found sufficient to justify the order holding the petitioner to answer the charge of embezzlement before the superior court.

PROCEEDING on Habeas Corpus to secure the release of petitioner from custody on a charge of embezzlement. Writ discharged and petitioner remanded.

The facts are stated in the opinion of the court.

Glickman & Glickman for Petitioner.

Charles Wade Snook, Deputy District Attorney, for Respondent.

LANGDON, P. J.—This matter comes before us upon a writ of *habeas corpus.* [1] The sole question raised by petitioner is that the evidence is insufficient to justify the order holding the petitioner to answer the charge of embezzlement before the superior court.

The record discloses that the petitioner received a piano from the Heine Piano Company under the terms of a written contract. Certain contentions are made by petitioner regarding the legal effect of this contract, but after a careful reading of the same, we are satisfied that not only in legal effect, but expressly, it consigns all property to be delivered thereunder to the petitioner for the purpose of sale, the title to said property and to the proceeds thereof to remain in the consignor. The petitioner sold the piano in question, which he had received under this contract, and accepted a cash payment from the purchaser. A demand for the proceeds of the sale, due to the consignor, was made by said consignor. The petitioner failed to pay over said proceeds and admitted that he had converted said money to his own use.

This evidence is sufficient to support the order holding petitioner to answer to the charge before the superior court. The writ is discharged and the petitioner remanded to the custody of the sheriff.

Nourse, J., and Sturtevant, J., concurred.